**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN ANTHONY SEXTON,<br>Petitioner,<br>v.<br>L.E. SCRIBNER, Warden,<br>Respondent. | Civil No. 07-2306 BTM (AJB)<br><br>**ORDER** |

On December 7, 2007, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this case. Previously, on February 16, 2007, Petitioner filed an original Petition for Writ of Habeas Corpus in case no. 07cv0319, and a Second Amended Petition on May 8, 2007. The Court issued an Order to Respond in case no. 07cv0319 on May 17, 2007, and Respondent filed a motion to dismiss on the grounds that the petition fails to state a federal claim, raises unexhausted claims, and is barred by the statute of limitations contained in 28 U.S.C. § 2241 (See Mtn. to Dismiss [Doc. No. 17] in case no. 07cv0319.) Both petitions challenge Petitioner's conviction in San Diego Superior Court case No. SCE 022004.

//

//

## MOTION TO DISMISS

On December 19, 2007, Petitioner filed a Motion to Dismiss "First, Second and All Other Filed Habeas Petitions" in case number 07cv0319. In Petitioner's Motion, he moves the Court to dismiss "all petitions for habeas corpus filed with this honorable court, (because petitions are unexhausted and successive)" so that he may seek legal assistance. Sexton v. Scribner, S.D.Cal. No. 07cv0319 W (NLS). On January 3, 2008, the Court dismissed case number 07cv0319 W (NLS) in response to Petitioner's motion. Because Petitioner does not directly reference the present case in his Motion, it is unclear whether Petitioner seeks also to dismiss 07cv2306. Accordingly, Petitioner is required to file a pleading in the above referenced case should he choose to request dismissal of the present case.

## ONE-YEAR STATUTE OF LIMITATIONS

Further, the Court cautions Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002). If the federal petition is filed after the statute of limitations has run, the petition will be summarily dismissed.

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S. Ct. 1846 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding

that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.)(holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993, cert denied, 127 S.Ct.(2006). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

**CONCLUSION**

In light of the above, the Court **ORDERS** Petitioner to file an appropriate pleading should he choose to dismiss the Petition in the above reference action **no later than March 20, 2008.**

**IT IS SO ORDERED.**

DATED: February 5, 2008

Honorable Barry Ted Moskowitz
United States District Judge